■ In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 1.) In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appel-

lant. (Matter No. 2.) In the Matter of ANONYMOUS, Adoptive Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 3.) In the Matter of ANONYMOUS, Adopted Child. STANLEY B. MICHELMAN, Appellant. (Matter No. 4.)—In four uncontested private placement adoption proceedings pursuant to NY Constitution, article VI, § 12 (d) and Domestic Relations Law article 7, Stanley Michelman, the attorney for the adoptive parents, appeals from four orders of the Surrogate's Court, Westchester County (Brewster, S.), all dated December 21, 1989, one in each proceeding, in which the court reduced his attorney's fees. By decision and order dated July 1, 1991 [175 AD2d 126], this court reversed the orders and reinstated the appellant's legal fees in the amount of $3,000 per proceeding. By decision and order dated November 12, 1991 [177 AD2d 572], this court *sua sponte* recalled and vacated the decision and order dated July 1, 1991, and directed the appellant to file with the clerk of this court a statement of whether the "Time Preparation and Record-Keeping" sheets which were annexed to his "Appeals Brief and Appendix" were submitted to the Surrogate's Court in connection with his applications for attorney's fees. The appellant has now complied with that direction.

Ordered that the orders are affirmed, without costs or disbursements.

Based upon the facts and circumstances of this case, we conclude that the determinations of the Surrogate were appropriate. We note that attorney Michelman included in his appendix on appeal certain "Time Preparation and Record Keeping" sheets which were dehors the record and were not submitted to the Surrogate's Court in connection with his applications for attorney's fees. That material is not properly before us and has not been considered by us. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.